**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID BOLES,** | ) | |
| Petitioner, | ) | No. 3:20-CV-75-B (BH) |
| vs. | ) | (No. 3:11-CR-9-B-1) |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

David Boles (Petitioner), a federal inmate in a half-way house, filed a *Petition for a Writ of Error Coram Nobis*, received December 30, 2019 (doc. 3), challenging his federal conviction and sentence in Cause No. 3:11-CR-9-B-1 for mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2. The respondent is the United States of America (Government).

By *Order* dated March 23, 2020, Petitioner was notified that because he was still in the custody of the Bureau of Prisons while in the residential reentry center, and he still had a two-year term of supervised release to serve after his release, he was still in "custody" for purposes of habeas relief. (*See* doc. 7 at 2-3.) Because he was still in custody, the relief from his conviction that he was seeking must be sought under 28 U.S.C. § 2255 rather than by a coram nobis, so his petition was being construed as a motion to vacate sentence under 28 U.S.C. § 2255. (*See id.*) Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, so the *Order* set forth the notice and warnings about the consequences of the characterization of the filing in part as a §

---

[1] Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

2255 motion, as required by *Castro v. United States*, 540 U.S. 375 (2003). (*See id.* at 2.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion, or to amend it so that it contained all of the grounds for relief that he believed were available to him under § 2255, within 14 days. (*See id.*) Copies of the appropriate form for a § 2255 motion were attached to the order. More than 14 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). On March 23, 2020, Petitioner was given 14 days to either submit a properly completed § 2255 motion or withdraw his filing. More than 14 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Petitioner submits a properly completed § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 24th day of April, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE